NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAMONT PUCKETT, | No. 18-15550 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-05878-YGR |
| v. | |
| JAMIE CORTES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Lamont Puckett appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2015).  We affirm.

The district court properly granted summary judgment because Puckett did not exhaust his administrative remedies, and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (a prisoner must exhaust administrative remedies, "which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted)).

**AFFIRMED.**